CROSS, Judge,
dissenting.
I respectfully dissent.
On March 10, 1972, Kaw Valley State Bank delivered ten thousand, one hundred fifty-six shares of common stock, accompanied by a stock power executed in blank, to Pan American Bank of Orlando, N.A., the transfer agent for the stock, so that Pan American could transfer the shares into Kaw Valley’s name. Pan American failed to transfer the stock until June 1 of that year. In the meantime, on April. 26, trading in the stock was suspended by the Securities and Exchange Commission, making it impossible for Kaw Valley to dispose of the shares.
Kaw Valley brought suit against Pan American, alleging that Pan American had been negligent in failing to promptly transfer the stock, and that the negligence had prevented Kaw Valley from disposing of the stock before trading was suspended. The lower court entered final judgment for Pan American. The majority opinion reverses this judgment on the ground that Pan American’s negligence was clearly shown. I disagree with this result, and would affirm.
Section 678.401, Florida Statutes (1975) provides that, when a transfer agent unreasonably delays transferring stock, he will be liable only for whatever loss results from such delay. The stock certificates held by Kaw Valley were negotiable, and Kaw Valley could have transferred them at any time merely by delivering them and the blank stock power to the intended purchaser, regardless of whether the ownership of the shares had been transferred on the corporate books. §§ 678.308(1), 678.313(1)(a), Fla.Stat. (1975). Therefore, Pan American’s failure to promptly transfer the shares cannot be considered the legal cause of Kaw Valley’s loss. Accordingly, I would affirm the judgment for Pan American.